UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH BERRY,<br><br>           Plaintiff,<br><br>   v.<br><br>KAREN CAMPBELL,<br><br>           Defendant. | CASE NO. C12-5103-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: MARCH 23, 2012 |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Plaintiff has been given leave to proceed in forma pauperis. The only named defendant in this action is the attorney who represented plaintiff in a criminal action.

This Court has previously informed plaintiff that assigned counsel does not act under color of state law and is not a proper party in a civil rights action. See, Berry v. Campbell, 11-5797BHS, ECF No. 12, page 3. The Court recommends that this action be dismissed prior to service for failure to state a claim. This dismissal counts as a strike pursuant to the Prison Litigation Reform Act.

REPORT AND RECOMMENDATION - 1

1 | Amendment of the complaint cannot cure this defect, so the Court will not give plaintiff a
2 | chance to amend. This will be plaintiff's fourth strike pursuant to the Prison Litigation Reform
3 | Act. Other strikes include 10-cv-5098RBL (dismissed as frivolous); 10-5622BHS (dismissed for
4 | failure to state a claim) and 11- 5797BHS (Dismissed for failure to state a claim).

## FACTS

Plaintiff names an attorney who represented him in a criminal matter as the sole defendant in this action (ECF No. 1, proposed complaint). According to the complaint, the attorney works for the Department of Assigned Counsel.

## STANDARD

28 U.S.C. § 1915 gives the Court the authority to dismiss frivolous in forma pauperis complaints before service of process. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. Leave to amend is not necessary if it is clear that the deficiencies in the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981) (overruled in part on other grounds); Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986). Implicit in the second element, is a third element of causation. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87, 97 S. Ct. 568 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, 101 S. Ct. 218 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

| | |
|---|---|
| 1 | <u>DISCUSSION</u> |
| 2 | Plaintiff names his attorney from a criminal case. A defense attorney, even if they are |
| 3 | assigned counsel, does not act under color of state law. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. |
| 4 | 312, 317-18 (1981). Thus, plaintiff fails to state a claim because he fails to establish the first |
| 5 | element of a prima facie case -- that the person acted under color of state law. The Court |
| 6 | recommends dismissal of the action for failure to state a claim, with the dismissal counting as a |
| 7 | strike. The Court also recommends withdrawal of the in forma pauperis status for purpose of |
| 8 | appeal. |
| 9 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have |
| 10 | fourteen (14) days from service of this Report to file written objections. <u>See</u> <u>also</u> Fed. R. Civ. P. |
| 11 | 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. |
| 12 | See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is |
| 13 | directed to set the matter for consideration on March 23, 2012, as noted in the caption. |
| 14 | Dated this 27th day February, 2012. |

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge